No. 17,494.

HARTWICH *v.* CROTTY ET AL.
(279 P. [2d] 413)

Decided January 24, 1955.

Messrs. YOUNG, YOUNG & CATES, for plaintiff in error.

Messrs. MURPHY & MORRIS, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

Hartwich, plaintiff in error, was defendant in the trial court where an action was filed against him and Hall and Brown, roofing contractors, on the 23rd day of June, 1953, for damages alleged to have resulted to plaintiffs by reason of negligence in the construction of a residence built under a construction contract entered into between defendant and former owners of the property. In the completion of the building contract, Hall and Brown, as roofing contractors, were subcontractors of defendant Hartwich. The contract was completed and the construction accepted by the owners of the property in accordance with the terms of the contract. These owners, as contracting parties, were Lorence W. Snedaker and Shirley M. Snedaker. In the building contract, it was provided that the work thereunder be completed by November 15, 1950. So far as is to be ascertained from the record, this contract was fully completed on time in accordance with its terms. On July 6, 1951, the Snedakers conveyed the property to plaintiffs Crotty, now defendants in error.

Contending that there was no privity of contract between them and plaintiffs, Hall and Brown, the roofing contractors, moved to dismiss, because the complaint failed to state a claim. This motion was granted and a similar motion, and, in our opinion, equally effective, a motion to dismiss was filed by Hartwich, which was denied August 5, 1953. Hartwich elected to stand on his motion to dismiss. May 10, 1954, apparently on the the-

ory that Hartwich was in default, plaintiffs' motion for entry of such default was sustained in an ex parte hearing. This order was set aside upon defendants' objections, and the following day plaintiffs filed notice of application to the court to enter judgment against defendant Hartwich. At a hearing on this application, by agreement of counsel, it was treated as a motion for summary judgment and the court entered judgment for the amount prayed for in the complaint, which was in the sum of $1,288.38.

We are at liberty to assume that the trial court dismissed the action as to the subcontractors on the general theory that there was no privity of contract between plaintiffs and the subcontractors. If the court was right in its ruling on that motion, and we think it was, then there was no valid reason for denying the same motion on the same ground made by defendant Hartwich.

It is to be borne in mind that the contract between the Snedakers and Hartwich was an executed contract and the real question to be determined is whether plaintiffs, as vendees or grantees from the Snedakers, can recover on such a contract when Snedakers, the contractees, never suffered any damage therefrom, but accepted the building under the construction contract which then became an executed contract. On this question we are without precedent in this jurisdiction.

Dates and incidents herein are important to remember: August 4, 1950, Hartwich agreed to build a house for the Snedakers according to specifications and complete the job by November 15, 1950. All the terms of the contract were completed. July 6, 1951, the Snedakers conveyed the property to plaintiffs, who claimed that on some undisclosed date thereafter the roof leaked and they suffered damage. May 21, 1953, plaintiffs obtained the following asignment from the Snedakers: "Inasmuch as the property covered by the agreement between Mr. Oscar Hartwich and Lorence W. and Shirley M. Snedaker has been sold to Frank R. and Mary C. Crotty, we

hereby assign our rights under this contract to Frank R. and Mary C. Crotty."

The present action was commenced on June 23 following.

■ ■ As will hereinafter develop, the contract between Hartwich and the Snedakers—an executory contract until it was completed—provides the backdrop for the proceedings now before us. It is evident from the record and the briefs of counsel for defendants in error, that the trial court adopted the contention of counsel for defendants in error that this action sounded in contract. In the most remote sense, the contract is taken into consideration; however, there is a total lack of any connected contractual relations between them and Hartwich. Hartwich never contracted to assume, or assumed, any obligation toward defendants in error when he proceeded with and completed the construction for the Snedakers, contractees. It may be said that this was fully recognized by plaintiffs, now defendants in error, when they sought and obtained the assignment from Snedakers. If they believed this would revive, renew, or transfer any obligation that existed during the life of the contract, it was clearly a misconception, and this action on their part did not bring about any right for their recovery based upon a breach of the contract. There is a total lack of any privity of contract between plaintiffs and defendant Hartwich. The liability of Hartwich under the contract remained so long as it was an executory contract, but ended with the completion of the construction; the contract became an executed contract; and acceptance by the contractees ended any liability that might later be claimed by third persons. This is in accord with the general rule and is strengthened by the exceptions to the rule, which are to the effect that where there is danger to human life or personal injury, and necessarily includes knowledge on the part of the contractor of the dangerous condition of the structure during its course of erection, and the presupposition of knowledge on his part

that the faulty construction might in time endanger humans in the use thereof, and in such instances liability attaches. We have no such allegation or circumstance in the instant case. When Hartwich owed the Snedakers strict performance of the contract, and fulfilled thereunder, he owed nothing to plaintiffs who later acquired the property from the Snedakers, and by no stretch of the imagination, or of any reasonable theory of the law, can plaintiffs successfully claim by virtue of the assignment that Hartwich owed them the same obligation that was due the Snedakers if the Snedakers had sustained any injury. All rights of Snedakers under the construction contract ceased after their conveyance of the property to plaintiffs, approximately two years before the date of the assignment of the so-called rights. Such an assignment could have value only during the life of the executory contract and while Hartwich was still engaged in the construction work.

By a strained assumption, plaintiffs seem to want to rely upon the following survival clause in the contract: "The contractor and owners for themselves, their successors, executors, administrators and assigns, hereby agree to the full performance of the covenants herein contained." This is no more than a covenant of full performance of the contract; carries nothing beyond the period of completion; and has no meaning whatever as relating to plaintiffs herein.

Counsel for plaintiffs, now defendants in error, in their brief, under the title, "The Significance of the Contract," have clearly taken themselves out of court in this action by the following statement: "It is not every promise or contract made by one to another, the performance of which would be of benefit to a third person, that would give a right of action to such third person. That the parties must have clearly intended the contract to be for the benefit of the third person to enable him to sue thereon, is one of the most commonly expressed limitations on the rule. The intent to benefit the third person

must clearly appear from the language of the agreement in light of the circumstances under which it was entered into."

In making this statement they rely upon the importance of the assignability clause hereinabove treated, which, as we have shown, has no applicability to the case at hand, and the clause is not at all pertinent to the facts or the law now material. Plaintiffs rely upon a recent case in this Court (*Matson v. White,* 122 Colo. 79, 220 P. (2d) 864), which, instead of being in point and favorable to their position, is squarely decisive in principles against their contention. In that case the contract was executory and a continuing one for service, not at all involved in the present action.

Other questions presented by counsel for both parties do not need or require discussion when our views herein expressed are considered. The trial court committed error in denying defendant Hartwich's motion to dismiss, therefore the orders and judgment entered by the trial court in the case are reversed, and the cause remanded with directions to vacate and set aside the judgment and dismiss the complaint.